UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UBIQUITI INC.,

                Plaintiff,

  -against-

PERASO TECHNOLOGIES INC.,

                Defendant.

1:20-CV-1312

COMPLAINT

UBIQUITI INC., for its complaint against defendant PERASO TECHNOLOGIES INC., alleges as follows:

1. This is an action for a declaratory judgment and monetary damages arising from the breach of a license and development agreement.

## THE PARTIES

2. Plaintiff Ubiquiti Inc. (hereinafter "Ubiquiti") is a corporation incorporated under the laws of Delaware, having a place of business at 685 Third Ave, 27th Floor, New York, NY 10017.

3. Defendant Peraso Technologies Inc. ("Peraso" or "Defendant") is a corporation incorporated under the laws of the Province of Ontario, having a place of business at 144 Front Street West, Suite 685, Toronto, Ontario, M5J 2L7, Canada.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1332, because there is diversity of citizenship and the amount in controversy exceeds $75,000. There is diversity of citizenship because Ubiquiti is a citizen of Delaware and New York and Peraso is a citizen of Canada.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because Defendant Peraso has agreed to submit to the personal jurisdiction of courts located in New York, New York, to adjudicate or determine any suit, action or proceeding arising out of or in connection with the license agreement that is the subject of this dispute.

6. The Court has the authority to hear causes of action seeking a declaratory judgment pursuant to 28 U.S.C.A. §§ 2201, 2202.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff Ubiquiti is a publicly traded company (NYSE: UI) that develops and markets professional networking hardware and software that is used to create networking infrastructure in over 200 countries and territories around the world.

8. Defendant Peraso is a venture funded private semiconductor company specializing in the development of integrated circuits for the 60 GHz wireless marketplace.

9. On December 21, 2018, Ubiquiti and Peraso entered into a License and Development Agreement (the "License Agreement").

10. Simultaneously with the License Agreement, and in consideration for the obligations undertaken by Peraso in the License Agreement, a Ubiquiti subsidiary and Peraso also entered into a Class C Series 1 Convertible Preferred Share Subscription Agreement (the "Subscription Agreement"), whereby the Ubiquiti subsidiary agreed to make certain equity investments in Peraso if and when certain development "milestones" were achieved by Peraso.

11. Pursuant to the License Agreement, Peraso agreed to develop for Ubiquiti certain chipsets.

12. The License Agreement obligated Peraso to complete the development of the chipsets and to "demonstrate to the reasonable satisfaction of" Ubiquiti that each of three defined development "Milestones" had been completed by agreed to completion dates for each Milestone.

13. The first Milestone had been completed at the time that the parties entered into the License Agreement.

14. Peraso was required to give Ubiquiti written notice of when it believed that it had achieved each of the second and third Milestones (respectively, the "Second Tranche Development Milestones" and the "Third Tranche Development Milestones").

15. The License Agreement further provided that "[within 30 days of receipt of each such notice, Ubiquiti would "review and conduct such testing as it reasonably considers necessary in order to determine whether the Acceptance Criteria in respect of the applicable Milestone have been satisfied" and would provide Peraso with "written notice of rejection or acceptance of whether Peraso has demonstrated the satisfaction of the Acceptance Criteria" for the applicable Milestone.

16. On December 11, 2019, counsel acting on behalf of Peraso, gave notice to Ubiquiti that Ubiquiti was allegedly in default of a material obligation under the License Agreement (the "Default Notice"). Specifically, the Default Notice claimed that Peraso had given Ubiquiti written notice of its achievement of the Third Tranche Development Milestones on October 31, 2019, and that Ubiquiti failed to give Peraso written notice of rejection or acceptance of Peraso's alleged achievement of the Third Tranche Development Milestones within 30 days of October 31, 2019.

17. The Default Notice does not identify the document or documents that allegedly constitute the October 31, 2019, notice to Ubiquiti that Peraso had achieved the Third Tranche Development Milestones.

18. Documents delivered to Ubiquiti by Peraso on October 31, 2019, whether considered individually or in the aggregate, were not adequate to demonstrate to the reasonable satisfaction of Ubiquiti that Peraso had achieved the Third Tranche Development Milestones.

19. Between October 31, 2019, and December 11, 2019, the date of the Default Notice, Ubiquiti repeatedly provided Peraso with notice that the materials provided by Peraso on October 31, 2019, did not demonstrate to the reasonable satisfaction of Ubiquiti that Peraso had achieved the Third Tranche Development Milestones.

20. Between October 31, 2019, and December 11, 2019, Peraso repeatedly acknowledged the shortcomings identified by Ubiquiti in the materials provided by Peraso on October 31, 2019, and repeatedly attempted to rectify those shortcomings.

21. By October 31, 2019, a Ubiquiti subsidiary had invested over $5 million in Peraso and in the development of the chipsets which, pursuant to the License Agreement, were to be made available exclusively to Ubiquiti.

22. Upon information and belief, in or about November 2019, Peraso entered into negotiations with a U.S.-based hardware company for the sale of Peraso to that company.

23. Upon information and belief, the exclusivity provisions of the License Agreement have complicated Peraso's negotiations with the with a U.S.-based hardware company.

24. As of December 11, 2019, Peraso had not provided Ubiquiti with notice sufficient to "demonstrate to the reasonable satisfaction of" Ubiquiti that Peraso had achieved the Third Tranche Development Milestones by or before October 31, 2019, the deadline for such achievement set forth in the License Agreement.

25. As of December 11, 2019, Ubiquiti was not in default of its obligations under the License Agreement.

26. The License Agreement provides that a party receiving a notice of default has 30 days to respond to the noticed default.

27. On December 11, 2019, shortly before Peraso's counsel issued the Notice of Default, Bill McLean, Chief Executive Office of Peraso, advised Ubiquiti that Peraso would issue the Default Notice but the Default Notice did not require a response because the Third Tranche Development Milestones had not been achieved prior to October 31, 2019.

28. On January 16, 2020, Peraso purported to terminate the License Agreement based on Ubiquiti's alleged failure to remedy the alleged material breach set forth in the Notice of Default.

29. Ubiquiti has performed each of its obligations under the License Agreement and is not in breach of any of its obligations under the License Agreement.

30. As a result of the purported termination of the License Agreement by Peraso, Ubiquiti has been deprived of access to the chipsets under the terms of the License Agreement and has been damaged in an amount to be determined at trial and believed to be in excess of $5 million.

## FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

31. Plaintiff repeats and realleges paragraphs 1 through 31 of this complaint as if fully set forth herein.

32. Ubiquiti has fulfilled all of its obligations under the License Agreement and, therefore, is not in breach of any contract or agreement with Peraso.

33. Peraso persists in asserting -- incorrectly and wrongly -- that Ubiquiti materially breached the License Agreement and that the License Agreement has been terminated.

34. The dispute between the parties is a justiciable controversy appropriate for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202.

WHEREFORE, plaintiff Ubiquiti, respectfully requests that this Court:

A.  Enter a declaratory judgment holding that Ubiquiti is not in breach of the License Agreement;

B.  Enter a declaratory judgment holding that the License Agreement is in full force and effect;

C.  Enter a declaratory judgment holding that Peraso is obligated to honor the terms of the License Agreement, including its obligation and to make the chipsets available to Ubiquiti exclusively as required by the License Agreement;

D.  Award Ubiquiti compensatory damages for the acts complained of herein in an amount to be determined at trial;

E.  Award to Ubiquiti its full costs, disbursements, and reasonable attorneys' fees incurred in this action; and

F.  Award to Ubiquiti such additional and further relief as the Court deems just and proper.

Dated: New York, New York
February 14, 2020

                /s/     *Mario Aieta*
Mario Aieta
Alanna B. Newman
DUANE MORRIS LLP
230 Park Avenue
New York, New York  10169
Phone: (212) 818-9200
Fax: (212) 818-9606
maieta@duanemorris.com
abnewman@duanemorris.com

Attorneys for Plaintiff
Ubiquiti Inc.