UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UBIQUITI INC.,

                Plaintiff,

-against-

PERASO TECHNOLOGIES INC., BILL McLEAN, JIM WHITAKER, SHAWN ABBOT, DAVID ADDERLEY, IMED ZINE and RIAD ZINE,

                Defendants.

1:20-CV-1312

ANSWER TO COUNTERCLAIMS

UBIQUITI INC. ("Ubiquiti") for its answer to the counterclaims asserted by defendant PERASO TECHNOLOGIES, INC. ("Peraso"), states as follows:

    94.    Admits the allegations in paragraph 94.

    95.    Admits the allegations in paragraph 95.

    96.    States that paragraph 96 states legal conclusions to which no response is required. To the extent a response is required, Ubiquiti admits the allegations in paragraph 96.

    97.    States that paragraph 97 states legal conclusions to which no response is required. To the extent a response is required, Ubiquiti admits the allegations in paragraph 97.

    98.    States that paragraph 98 states legal conclusions to which no response is required. To the extent a response is required, Ubiquiti admits the allegations in paragraph 98.

    99.    Denies the allegations in paragraph 99.

100. Admits the allegations in paragraph 100 to the extent it alleges that Peraso and Ubiquiti entered into the License Agreement (as defined in the First Amended Complaint, ECF Doc. No. 10) and that Ubiquiti Networks Canada Inc. is a party to the Subscription Agreement (as defined in the First Amended Complaint, ECF Doc. No. 10), and refers to the License Agreement and the Subscription Agreement for a true and complete statement of their contents.

101. Denies the accuracy of the characterization of the License Agreement in paragraph 101 and refers to the License Agreement for a true and complete statement of its contents.

102. Denies the accuracy of the characterization of the License Agreement in paragraph 102 and refers to the License Agreement for a true and complete statement of its contents.

103. Denies the accuracy of the characterization of the License Agreement in paragraph 103 and refers to the License Agreement for a true and complete statement of its contents.

104. Denies the allegations in paragraph 104, except admits that Peraso agreed to meet certain deadlines under the License Agreement and refers to the License Agreement for a true and complete statement of its contents.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Persaso's capital flow, ability to continue development work, and operations, denies that the License Agreement set schedules for investment by Ubiquiti and states that the characterization of any part of the License Agreement as

"material" states a legal conclusion to which no response is required, and refers to the License Agreement for a true and complete statement of its contents.

106. In response to paragraph 106, Ubiquiti admits that each of the Second Tranche Development Milestones were required to be completed on or before January 31, 2019, and that each of the Third Tranche Development Milestones were required to be completed on or before October 31, 2019, and refers to the License Agreement for a true and complete statement of its contents. To the extent that paragraph 106 contains any other allegations regarding the License Agreement, they are denied.

107. Denies the allegations in paragraph 107.

108. States that paragraph 108 states legal conclusions regarding the License Agreement to which no response is required, denies that the License Agreement required Ubiquiti to either accept or reject the achievement of a specific milestone irrespective of the date on which the milestone was purportedly achieved, and refers to the License Agreement for a true and complete statement of its contents.

109. Denies the allegations in paragraph 109.

110. Denies the allegations in paragraph 110.

111. Denies the allegations in paragraph 111.

112. In response to paragraph 112, denies that Ubiquiti was required to make the referenced investment in Peraso.

113. Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 113, except denies that there was a "default".

114. Admits that there was an email between Todd Cramer and Bill McLean on February 8, 2019, refers to the email for a true and complete statement of its contents, and denies the remaining allegations in paragraph 114.

115. Admits that Peraso communicated with Ubiquiti on June 4, 2019 regarding developments pursuant to the License Agreement, denies the characterizations of such communications, and refers to the communications for the true and complete statement of the contents thereof.

116. Admits that Peraso's team shared information with Ubiquiti and that a performance presentation was sent to Ying Chen and denies the remaining allegations in paragraph 116.

117. Denies the allegations in paragraph 117.

118. For its response to paragraph 118, admits that Peraso communicated with Ubiquiti on August 26, 2019, denies the characterizations of such communications, and refers to the communications for the true and complete statement of the contents thereof.

119. Admits that Todd Cramer emailed Bill McLean, refers to the contents of the email for a true and complete statement of its contents, and denies the remaining allegations in paragraph 119.

120. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121. Denies the allegations in paragraph 121.

122. Denies the allegations in paragraph 122.

123. States that paragraph 123 states a legal conclusion to which no response is required. To the extent paragraph 123 attempts to characterize discussions between

Ubiquiti and Peraso regarding ownership and manufacturing rights concerning intellectual property covered by the License Agreement, Ubiquiti denies those characterizations.

124. Denies the allegations in paragraph 124.

125. States that paragraph 125 states a legal conclusion to which no response is required, and refers to the License Agreement for a true and complete statement of its contents. To the extent paragraph 125 alleges that certain obligations of Ubiquiti under Section 2.2 of the License Agreement were triggered by Peraso's performance of its own obligations under the License Agreement, Ubiquiti denies those allegations.

126. Denies the allegations in paragraph 126.

127. Denies the allegations in paragraph 127.

128. In response to paragraph 128, denies that Ubiquiti was required to make the referenced investment in Peraso.

129. Denies the allegations in paragraph 129.

130. Denies the allegations in paragraph 130.

131. Denies that Ubiquiti placed an order in February 2020 and denies that an order placed by Ubiquiti Cayman Limited in February 2020 constituted approval of or acquiescence in any claim of performance under the License Agreement by Peraso, and denies the remaining allegations in paragraph 131.

132. Admits that on October 1, 2019, Peraso sent Ubiquiti an email regarding a financing that was being pursued, denies that the email invited Ubiquiti to participate in the financing, refers to that email for a true and complete statement of its contents, and denies knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 132.

133. In response to paragraph 133, admits that in or about November 2019 Ubiquiti became aware of Peraso's deteriorating financial situation and admits that Ubiquiti became aware of a potential offer for a purchase of Peraso by a third party and denies the remaining allegations.

134. In response to paragraph 134, admits that on December 11, 2019, a phone call between Bill McLean, Todd Cramer and Hartley Nisenbaum occurred, but denies the characterization of conversation among them.

135. In response to paragraph 135, admits that Bill McLean sent an email to Todd Cramer and Hartley Nisenbaum after the telephone call of December 11, 2019, but denies the characterization of such email, and refers to the email for a true and complete statement of its contents.

136. Denies the allegations in paragraph 136.

137. Admits that Peraso's counsel sent a purported notice of default to Ubiquiti on December 11, 2019, refers to that notice for a true and complete statement of its contents, and denies the remaining allegations in paragraph 137.

138. In response to paragraph 138, denies that there was a default by Ubiquiti.

139. Admits that on January 16, 2020, Peraso's counsel sent a letter to Ubiquiti purporting to terminate the License Agreement, refers to that letter for a true and complete statement of its contents, and denies the remaining allegations in paragraph 139.

140. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140.

141. Admits the allegations in paragraph 141.

142. Admits that the exclusivity period ran until March 1, 2020, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 142.

143. Admits the allegations in paragraph 143, and refers to the original complaint in this action for a true and complete statement of its contents.

144. Denies the allegations in paragraph 144.

145. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146. In response to paragraph 146, admits that Ubiquiti received a Notice of Special Meeting of Shareholders to be held on March 12, 2020 and a Form of Proxy, and refers to those documents for a true and complete statement of their contents.

147. In response to paragraph 147, denies that Ubiquiti was a shareholder, admits that Peraso sent a purported notice of pre-emptive rights to shareholders, and refers to that notice for a true and complete statement of its contents.

148. Admits the allegations in paragraph 148, and refers to the First Amended Complaint in this matter for a true and complete statement of its contents.

149. In response to paragraph 149, admits that to the extent that Ubiquiti possessed any pre-emptive rights, it did not exercise any pre-emptive rights.

150. Admits the allegation in paragraph 150 that Ubiquiti tendered a loan proposal, denies the characterization of such proposal, and refers to the proposal and to the accompanying email for a true and complete statement of the contents thereof.

151. Denies the allegations in paragraph 151.

152. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152.

153. Denies knowledge or information sufficient to form a belief as to the truth of the allegations that Ubiquiti had the right to vote on the existing financing proposal set forth in the proposal and admits that Ubiquiti did not vote for or against the financing.

154. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154.

155. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155, except admits that Ubiquiti was informed as to the closing of the financing.

156. States that paragraph 156 states legal conclusions to which no response is required. To the extent a response is required, Ubiquiti denies the allegations in paragraph 156.

FIRST COUNTERCLAIM
(DECLARATORY JUDGMENT)

157. In response to paragraph 157, Ubiquiti incorporates each and every answer made by Ubiquiti in response to Paragraphs 94 through 156 as though fully set forth herein.

158. Denies the allegations in paragraph 158.

159. Denies the allegations in paragraph 159.

160. In response to the allegations in paragraph 160, admits that Ubiquiti claims that Persaso attempted to terminate the License Agreement improperly.

161. Denies the allegations in paragraph 161.

162. Admits the allegations in paragraph 162.

## SECOND COUNTERCLAIM
## (BREACH OF CONTRACT)

163. In response to paragraph 163, Ubiquiti incorporates each and every answer made by Ubiquiti in response to Paragraphs 94 through 162 as though fully set forth herein.

164. Denies the allegations in paragraph 164.

165. Denies the allegations in paragraph 165.

166. Denies the allegations in paragraph 166.

167. Denies the allegations in paragraph 167.

168. Denies the allegations in paragraph 168.

169. Denies the allegations in paragraph 169.

## THIRD COUNTERCLAIM
## (BREACH OF DUTY OF GOOD FAITH
## AND FAIR DEALING)

170. In response to paragraph 170, Ubiquiti incorporates each and every answer made by Ubiquiti in response to Paragraphs 94 through 169 as though fully set forth herein.

171. States that paragraph 171 alleges a legal conclusion to which no response is required.

172. Denies the allegations in paragraph 172.

173. Denies the allegations in paragraph 173.

174. Denies the allegations in paragraph 174.

## FOURTH COUNTERCLAIM
## (PRIMA FACIE TORT)

175. Peraso has agreed to withdraw this counterclaim; therefore, no answer is required.

176. Peraso has agreed to withdraw this counterclaim; therefore, no answer is required.

177. Peraso has agreed to withdraw this counterclaim; therefore, no answer is required.

178. Peraso has agreed to withdraw this counterclaim; therefore, no answer is required.

179. Peraso has agreed to withdraw this counterclaim; therefore, no answer is required.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

180. Peraso's counterclaims fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

181. Peraso's counterclaims are barred, in whole or in part, because any alleged action or failure to act on Ubiquiti's part was not the proximate cause of any alleged injury to Peraso.

### THIRD AFFIRMATIVE DEFENSE

182. Peraso's counterclaims are barred, in whole or in part, because any alleged action or failure to act on Ubiquiti's part is a result of mutual mistake in the formation of the contract at issue.

### FOURTH AFFIRMATIVE DEFENSE

183. Peraso's counterclaims are barred because it failed to mitigate its alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

184. Peraso's counterclaims are barred by the doctrines of waiver, estoppel, bad faith and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

185. Peraso's counterclaims are barred, in whole or in part, because Ubiquiti's conduct was, at all times, in good faith, innocent and without willful intent.

### SEVENTH AFFIRMATIVE DEFENSE

186. Peraso's counterclaims are barred by the doctrines of consent, ratification, and/or acquiescence.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff and counterclaimant defendant Ubiquiti, respectfully requests that this Court:

A. Dismiss Peraso's counterclaims in their entirety;

B. Award to Ubiquiti its full costs, disbursements, and reasonable attorneys' fees incurred in this action; and

C. Award to Ubiquiti such additional and further relief as the Court deems just and proper.

Dated: New York, New York
April 24, 2020

Mario Aieta
Peggy Chen
DUANE MORRIS LLP
230 Park Avenue
New York, New York  10169
Phone: (212) 818-9200
Fax: (212) 818-9606
maieta@duanemorris.com
pschen@duanemorris.com

Attorneys for Plaintiff
Ubiquiti Inc.