UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

UBIQUITI INC.,

                        Plaintiff,

      v.                                                   Civil No.: 20-CV-1312

PERASO TECHNOLOGIES INC., BILL McLEAN,
JIM WHITAKER, SHAWN ABBOT, DAVID
ADDERLEY, IMED ZINE and RIAD ZINE,

                        Defendants.
―――――――――――――――――――――――――――

## DECLARATION OF WILLIAM A. MCLEAN IN SUPPORT OF MOTION TO DISMISS

      William A. McLean, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

      1.     I make this declaration in support of the joint motion to dismiss Ubiquiti's Amended Complaint (Dkt. 10) made by myself and the other individual defendants.

      2.     I was the President and CEO of Peraso Technologies Inc., and held that position from February 05, 2018 to February 29, 2020.

      3.     I have reviewed the Amended Complaint (Dkt. 10) filed against Peraso, myself, and the other individual defendants.

      4.     I am a resident of Arizona. I am not, and have never been, a resident of New York State.

5. I have not agreed to be subject to the jurisdiction of this Court in the License and Development Agreement at issue in this case (Dkt. 10, ¶ 19) or in any other agreement between Peraso and Ubiquiti.

6. As President and CEO of Peraso, I was the primary point of contact with Ubiquiti in connection with the agreements between Peraso, Ubiquiti, and Ubiquiti's affiliate, along with counsel at LaBarge and Weinstein, depending on the specific topic to be addressed.

7. The negotiations between Peraso and Ubiquiti of the License & Development Agreement at issue were conducted over the phone. At no time during the negotiations or afterward did I travel to New York to address any issues relating to the License & Development Agreement. I did visit Ubiquiti in New York to make a sales presentation about Peraso on May 28, 2018. That visit occurred before any negotiation of the License & Development Agreement or any other agreement. I also had an unplanned meeting on January 15, 2019 with Ubiquiti representatives when I was in New York for an unrelated conference, and discussed Ubiquiti's product requirements with the representatives.

8. Ubiquiti has alleged that, on December 11, 2019, I "advised Ubiquiti that . . . the Default Notice did not require a response because the Third Tranche Development Milestones had not been achieved prior to October 31, 2019." Dkt. No. 10, ¶ 44. On December 11, 2019, I did have a call with two Ubiquiti representatives, Hartley Nisenbaum and Todd Cramer, but did not make any such statement. In fact, I told Mr. Nisenbaum and Mr. Cramer that Peraso would be sending Ubiquiti a notice of breach of the License and Development Agreement and they should follow the procedures outlined in agreement to address the breach.

9. Ubiquiti has alleged that I am a Preferred Shareholder in Peraso and therefore would receive a "substantial personal financial reward" if Peraso were to be acquired by

a third-party company." Dkt. 10, ¶¶ 36-38. I do not own any preferred shares in Peraso and am not a "Preferred Shareholder." Nor have I ever been a Preferred Shareholder. Peraso Answer to Amended Complaint, Dkt. 26, ¶ 4.

10. None of the discussions or communications that I had with Jim Whitaker, Riadh Zine, Imed Zine, David Adderley, or Shawn Abbott relating to the termination of the agreements with Ubiquiti (Dkt. 10, ¶ 45) occurred in New York.

11. None of the discussions or communications that I had with Jim Whitaker, Riadh Zine, Imed Zine, David Adderley, or Shawn Abbott relating to the third-party purchaser (Dkt. 10, ¶ 45) occurred in New York.

Date: May 1, 2020

_____
William A. McLean