UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UBIQUITI INC.,

                      Plaintiff,

v.

PERASO TECHNOLOGIES INC., BILL McLEAN,
JIM WHITAKER, SHAWN ABBOT, DAVID
ADDERLEY, IMED ZINE and RIAD ZINE,

                      Defendants.

Civil No.: 20-CV-1312

---

## DECLARATION OF RIADH ZINE
## IN SUPPORT OF MOTION TO DISMISS

Riadh Zine, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

1. I make this declaration in support of the joint motion to dismiss Ubiquiti's Amended Complaint (Dkt. 10) made by myself and the other individual defendants.

2. I am currently on the Board of Directors for Peraso Technologies Inc. ("Peraso") and have held that position since October 2, 2017. I am also a principal of the Roadmap entities referred to in the Amended Complaint. Dkt. 10, ¶¶ 8, 9.[1]

3. I have reviewed the Amended Complaint (Dkt. 10) filed against Peraso, myself, and the other individual defendants.

---

[1] "Roman Innovation Fund II" and "Roman Innovation Fund (US and Offshore)" are not Roadmap entities.

4. The Roadmap entities were Preferred Shareholders in Peraso when the Amended Complaint was filed.

5. I am a resident of Toronto, Ontario. I am not, and have never been, a resident of New York State.

6. I have not agreed to be subject to the jurisdiction of this Court in the License and Development Agreement at issue in this case (Dkt. 10, ¶ 19) or in any other agreement between Peraso and Ubiquiti.

7. I was not personally involved in negotiating any agreements with Ubiquiti.

8. I have never traveled to New York in connection with the negotiation of any agreements with Ubiquiti.

9. Until February 28, 2020, I had not communicated directly with any of their employees or representatives. On February 28, 2020 and March 2, 2020, I participated in phone calls with Imed Zine and two Ubiquiti representatives, Hartley Nisenbaum and Todd Cramer. Both of these calls were initiated by Ubiquiti representatives. Mr. McLean and Declan Tormey, Peraso's counsel, were also on the February 28, 2020 call. Those two communications were not related to the allegations in the Amended Complaint and were about the loan-to-own proposal by Ubiquiti.

10. Ubiquiti has alleged that co-defendant William McLean "advised Ubiquiti that…the Default Notice did not require a response because the Third Tranche Development Milestones had not been achieved prior to October 31, 2019." Dkt. 10, ¶ 44. I was not involved in any such conversations, and I am not aware of any alleged communication by Mr. McLean making these statements.

11. None of my communications or discussions with co-defendants Bill McLean, David Adderley, Imed Zine, Jim Whitaker, or Shawn Abbott relating to the termination of the agreements with Ubiquiti (Dkt. 10, ¶ 45) occurred in New York.

12. None of my communications or discussions with Bill McLean, David Adderley, Imed Zine, Jim Whitaker, or Shawn Abbott relating to the third-party purchaser (Dkt. 10, ¶ 45) occurred in New York.

Date:   May 1, 2020

_____
Riadh Zine

092118.00000 Litigation 15475313v1