

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | MARIO AIETA | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 404 8755 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 818 9606 | LAS VEGAS |
| LOS ANGELES | E-MAIL: MAieta@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | A GCC REPRESENTATIVE OFFICE |
| HANOI | | OF DUANE MORRIS |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

May 14, 2020

Via ECF

The Honorable Laura Taylor Swain
U.S.D.C. Southern District of New York
Room 1620
500 Pearl Street
New York, NY  10007

      Re:    <u>UBIQUITI INC. v. PERASO TECHNOLOGIES INC., et al., 20 Civ. 1312 (LTS) (GWG)</u>

Dear Judge Swain,

      We represent Ubiquiti Inc., the plaintiff in the above-captioned matter.  On May 7, 2020, the Defendants Bill McLean, Jim Whitaker, David Adderley, Imed Zine and Riad Zine moved to dismiss the claims filed against them pursuant to F.R.C.P. Rules 12(b)(2) and 12(b)(6).[1]  Pursuant to Rule 2(b)(ii) of Your Honors' Individual Practices, we submit this letter to request leave to amend in response to the motion.  A copy of plaintiff's proposed Second Amended Complaint is submitted with this letter.

      The Individual Defendants' motion to dismiss under Rule 12(b)(6) asserts that the fraud claim is inadequately pled against the individual defendants other than Bill McLean because the only statement identified as fraudulent is a statement made by McLean. The proposed Second Amended Complaint addresses this issue by limiting the fraud claim to defendant McLean.  The Individual Defendants also asserts that the fraud claim fails because reasonable reliance on McLean's false statement is not adequately pled.   The proposed Second Amended Complaint includes additional facts demonstrating reasonable reliance.  The Individual Defendants' Rule 12(b)(6) motion asserts that the tortious interference claim is inadequately pled against defendant McLean because it depends upon the allegation that McLean is a holder of preferred shares in Peraso when, in fact, he is not.  The proposed Second Amended Complaint corrects this

---

[1] Defendant Shawn Abbott has, to date, avoided service of process.  He is not currently represented by counsel for the other defendants.

DUANE MORRIS LLP

230 PARK AVENUE, SUITE 1130   NEW YORK, NY 10169-0079      PHONE: +1 212 818 9200   FAX: +1 212 818 9606

DuaneMorris

Hon. Laura G. Swain
May 14, 2020
Page 2

allegation and alleges that McLean was the holder of millions of options that would immediately vest upon a change of control transaction. The individual defendants' remaining contentions regarding the adequacy of the allegations directed against them are not sound.

The proposed Second Amended Complaint also contains additional allegations relevant to the individual defendants' Rule 12(b)(2) motion.

We respectfully submit that justice would be served by allowing plaintiff to serve the proposed Second Amended Complaint.

Respectfully submitted,

Mario Aieta

Attachment

cc:     Jodyann Galvin, Esq.
        (counsel for Defendants)