UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UBIQUITI INC.,

                             Plaintiff,

       v.                                                Civil No.: 20-CV-1312

PERASO TECHNOLOGIES INC., BILL McLEAN,
JIM WHITAKER, SHAWN ABBOT, DAVID
ADDERLEY, IMED ZINE and RIAD ZINE,

                             Defendants.
_____

# DECLARATION OF RONALD GLIBBERY
## IN SUPPORT OF MOTION TO DISMISS

        Ronald Glibbery, under penalty of perjury and pursuant to 28 U.S.C. 1746, declares

the following to be true and correct:

        1.        I am the Interim Chief Executive Officer of Peraso Technologies, Inc.

("Peraso").  I make this declaration to present the Court with facts relevant to the motion to dismiss

brought by defendants William A. McLean, William James Whitaker, David Adderley, Imed Zine

and Riadh Zine.  These defendants are moving to dismiss the Amended Complaint in which

Ubiquiti Inc. ("Ubiquiti") asserted causes of action against each of them.

        2.        Peraso and Ubiquiti entered into a License and Development Agreement

(the "LDA") on December 21, 2018.  The signatories to the LDA are William Alexander McLean

as President and CEO of Peraso and Hartley Nisenbaum on behalf of Ubiquiti Networks, Inc.  The

LDA contains a forum selection provision which states:

13.6 <u>Governing Law</u>. This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York, USA. Each Party irrevocably submits itself to the jurisdiction of the courts located in New York, NY, USA to finally adjudicate or determine any suit, action or proceeding arising out of or in connection with this Agreement, provided, however, that each Party may bring action(s) for equitable relief in any jurisdiction that has a reasonable connection to the subject matter of this Agreement.

3. Ubiquiti alleges in its Amended Complaint that Mr. McLean is a preferred shareholder of Peraso. This is not correct. I have examined the books and records of Peraso and the Charter Documents including the Subscription Agreement. Based upon both my personal knowledge and that examination, I state with certainty that Mr. McLean currently is not and never has been a preferred shareholder in Peraso. Mr. McLean had options to purchase common shares—and no other shares. Mr. McLean has not exercised those options, so he is not even a common shareholder.

4. The Subscription Agreement was also entered into on December 21, 2018. In connection with that transaction, Ubiquiti Networks Canada, Inc., a wholly-owned subsidiary in of Ubiquiti became an investor in Peraso. The Subscription Agreement is part of the "Charter Documents." The Subscription Agreement presents a list of shareholders of Peraso, as well as those persons who have options. Mr. McLean is not listed on the list of shareholders. He is listed on the List of Option Holders as of First Closing Date.

5. On April 8, 2020, Ubiquiti Networks Canada, Inc. filed a lawsuit in Ontario, Canada against Peraso and Mr. McLean, Mr. Imed Zine, Mr. Riadh Zine, Mr. Whitaker, Mr. Abbott, Mr. Adderley and myself, among others. A copy of the Statement of Claim is attached as **Exhibit A**. In the Statement of Claim, Ubiquiti alleges that it carries out business in Ontario "through Ubiquiti Canada" its wholly-owned subsidiary. Ex. A, ¶ 2-4. Ubiquiti also

2

acknowledges that Ubiquiti Canada is a Peraso preferred shareholder. *Id.* ¶ 66. Ubiquiti alleges, among other things, that "beginning in mid October 2019, while serving as Peraso directors, the Defendants Bill McLean, Imed Zine, Riad [sic] Zine, Jim Whittaker [sic], Shawn Abbott, David Adderly [sic] and Ron Glibbery . . . exercised their judgment putting priority over their own personal interests and those of the family trusts or venture capital funds there were associated with ahead of the best interests of Peraso and its full complement of stakeholders, including Ubiquiti Canada." *Id.* ¶ 36; *see also* ¶ 81 (the "Director Defendants further ceased acting in the best interests of Peraso and instead acted with a view to their own personal or their nominees' individual interests").

6.     Ubiquiti Canada also filed, on February 19, 2020 a separate Notice of Application against Peraso in Ontario seeking a declaration that Peraso is in default of its obligations to Ubiquiti Canada under the Eighth Amended and Restated Unanimous Shareholders Agreement.

Date:   May 7, 2020

_____
                                Ronald Glibbery

3

# EXHIBIT A



Court File No.

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**

Electronically issued
Délivré par voie électronique : 08-Apr-2020
Toronto

*(Court Seal)*

**UBIQUITI NETWORKS CANADA INC.**

Plaintiff

and

**PERASO TECHNOLOGIES INC., BILL McLEAN, IMED ZINE, RIAD ZINE, JIM WHITAKER, SHAWN ABBOTT, DAVID ADDERLY, RONALD GLIBBERY,  ROADMAP CAPITAL INC., ROADMAP CAPITAL GENERAL PARTNER LTD., AS THE GENERAL PARTNER OF ROADMAP INNOVATION FUND I, ROADMAP PERASO LP,  ROADMAP PERASO LP (US AND OFFSHORE), ROADMAP PERASO LP II, ROADMAP PERASO LP II (US AND OFFSHORE), and ROADMAP CAPITAL MANAGEMENT LIMITED, AS MANAGER OF ROADMAP INNOVATION FUND II**

Defendants

**STATEMENT OF CLAIM**

TO THE DEFENDANTS

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the Plaintiff.  The Claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you must prepare a Statement of Defence in Form 18A prescribed by the Rules of Civil Procedure, serve it on the Plaintiff's lawyer or, where the Plaintiff does not have a lawyer, serve it on the Plaintiff, and file it, with proof of service in this court office, WITHIN TWENTY DAYS after this Statement of Claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your Statement of Defence is forty days.  If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a Statement of Defence, you may serve and file a Notice of Intent to Defend in Form 18B prescribed by the Rules of Civil Procedure.  This will entitle you to ten more days within which to serve and file your Statement of Defence.

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU.  IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

TAKE NOTICE: THIS ACTION WILL AUTOMATICALLY BE DISMISSED if it has not been set down for trial or terminated by any means within five years after the action was commenced unless otherwise ordered by the court.

Date ___April 7, 2020_____    Issued by _____

Local Registrar

Address of          Superior Court of Justice
court office:        330 University Avenue, 8th Floor
                     Toronto ON M5G 1R7

TO:

**PERASO TECHNOLOGIES INC.**
144 Front Street West, Suite 685
Toronto, Ontario M5L 2L7

**BILL McLEAN**
13452 E. Desert Trail,
Scottsdale, Arizona
85259-2247

**ROADMAP CAPITAL INC.**
130 Bloor Street West, Suite 603
Toronto, Ontario M5S 1N5

**ROADMAP CAPITAL GENERAL PARTNER LTD.**
c/o ROADMAP CAPITAL INC.
130 Bloor Street West, Suite 603
Toronto, Ontario M5S 1N5

**ROADMAP INNOVATION FUND I**
c/o ROADMAP CAPITAL INC.
130 Bloor Street West, Suite 603
Toronto, Ontario M5S 1N5

**ROADMAP PERASO LP**
c/o ROADMAP CAPITAL INC.
130 Bloor Street West, Suite 603
Toronto, Ontario M5S 1N5

**ROADMAP PERASO LP (US AND OFFSHORE)**
c/o ROADMAP CAPITAL INC.
130 Bloor Street West, Suite 603
Toronto, Ontario M5S 1N5

**ROADMAP PERASO LP II**
c/o ROADMAP CAPITAL INC.
130 Bloor Street West, Suite 603
Toronto, Ontario M5S 1N5

**ROADMAP PERASO LP II (US AND OFFSHORE)**
c/o ROADMAP CAPITAL INC.
130 Bloor Street West, Suite 603
Toronto, Ontario M5S 1N5

**ROADMAP CAPITAL MANAGEMENT LIMITED**
c/o ROADMAP CAPITAL INC.
130 Bloor Street West, Suite 603
Toronto, Ontario M5S 1N5

**ROADMAP INNOVATION FUND II**
c/o ROADMAP CAPITAL INC.
130 Bloor Street West, Suite 603
Toronto, Ontario M5S 1N5

**IMED ZINE**
c/o ROADMAP CAPITAL INC.
130 Bloor Street West, Suite 603
Toronto, Ontario M5S 1N5

**RIADH ZINE**
65 Cotswold Crescent
Toronto, Ontario M2P 1N3

**JIM WHITTAKER**
37 Rochester Avenue
Toronto, Ontario M4N 1N7

**SHAWN ABBOT**
305 Pinnacle Ridge Place
Calgary, Alberta

**DAVID ADDERLY**
29 Powell Avenue
Ottawa, Ontario

**RONALD GLIBBERY**
71 Hillhurst Blvd.
Toronto, Ontario M5N 1N5

**CLAIM**

1.    The Plaintiff claims as against the Defendants:

(a)    a declaration that the Defendants' actions as described herein amount to oppression pursuant to section 248 of the Ontario *Business Corporations Act* ("**OBCA**");

(b)    a declaration that Peraso Technologies Inc.'s ("**Peraso**") shareholder meeting held on March 12, 2020, and any and all votes taken, and resolutions approved, at that meeting are void;

(c)    an Order setting aside any shareholder resolution having the effect of approving the Transactions (as defined herein) passed at the March 12, 2020 shareholder meeting;

(d)    in the alternative to (c):

(i)    an Order setting aside the conversion of the Class C Series 1 preferred shares held by Ubiquiti Networks Canada Inc. and any amendments to the Articles and USA (as those terms are defined herein) related to such conversion; and

(ii)    an Order setting aside the terms concerning repayment of multiples of the principal and interest on the Notes on a Liquidation Event (as defined herein);

(e)    in the alternative to (d), damages in a sum to be determined at trial corresponding to the distributions the Plaintiff would be entitled to if its Class C preferred shares had not been involuntarily converted to common shares and the reduction in value

in the securities held by the Plaintiff caused by the Defendants actions described herein;

(f)      costs on a substantial indemnity scale; and

(g)      such further and other relief as counsel may advise and/or this Honourable Court may permit to remedy the acts of oppression found against all, or some, of the Defendants and breaches of the USA (as defined herein).

**The Parties**

2.      The Plaintiff Ubiquiti Networks Canada Inc. ("**Ubiquiti Canada**") is a wholly owned subsidiary of Ubiquiti Inc. ("**Ubiquiti**").

3.      Ubiquiti Canada is a corporation incorporated under the laws of Ontario with its registered office located at Toronto, Ontario.

4.      Through Ubiquiti Canada, Ubiquiti carries on business in Ontario and elsewhere in Canada.

5.      Ubiquiti develops and markets professional network hardware and software that is used to create networking infrastructures throughout the world.  It further develops and manufactures next generation consumer electronics for home and personal use.

6.      The Defendant Peraso is a corporation incorporated under the laws of Ontario with its head office located at Toronto, Ontario.

7.      Peraso develops and manufactures semiconductors, specializing in developing circuits for the wireless marketplace.

8.     The Defendant Bill McLean was Peraso's President and CEO and the Chairman of Peraso's Board of Directors until the end of February 2020.  Mr. McLean is also a Peraso shareholder.  He resides in Arizona in the United States.

9.     Peraso is principally funded through investments by venture capital firms.

10.     The Defendant Roadmap Capital Inc. ("**Roadmap**") is a venture capital firm headquartered in Toronto, Ontario. It holds warrants to purchase Peraso common shares. It is the manager of the Defendant Roadmap Capital General Partner LTD, which is the general partner of the Defendants Roadmap Innovation Fund I, Roadmap Peraso LP (US and Offshore), Roadmap Peraso LP II, Roadmap Peraso LP II (US and Offshore), Roadmap Innovation Fund II, and Roadmap Innovation Fund (US and Offshore), each of which are Peraso shareholders along with the Defendant Roadmap Innovation Fund II (collectively, the "**Roadmap Investor Funds**").  The Defendant Roadmap Capital Management Limited is the manager of Roadmap Innovation Fund II. Roadmap, the Roadmap Investor Funds and Roadmap Capital Management Limited are collectively hereafter referred to as the "**Roadmap Defendants**".

11.     The Defendants Imed Zine and Riad Zine are principals of Roadmap and Peraso directors. Both individuals reside in Toronto, Ontario.

12.     The Defendant Jim Whitaker is an individual residing in Toronto, Ontario.  Mr. Whitaker was a member of Peraso's Board of Directors until he resigned from the board on or about the end of February 2020.  He is the Managing Partner of VL Advisors, Inc., which is the Manager and Investment Advisor of Venturelink Innovation Fund Inc. ("**Venturelink**").  Venturelink is a shareholder of Peraso.

13.     The Defendant Shawn Abbott is an individual residing in Toronto, Ontario.  Mr. Abbott was a member of Peraso's Board of Directors until he resigned from the board on or about the end of

Case 1:20-cv-01832-LTS-GWG Document 34-7 Filed 05/15/20 Page 11 of 27
Electronically issued / Délivré par voie électronique : 08-Apr-2020
Court File No./N° du dossier du greffe: CV-20-00639269-0000
.

February 2020.  Mr. Abbott is the Vice President of iNovia Capital, Inc., which is the general partner of iNovia Management II Limited Partnership, which is the general partner of iNovia Investment Fund II, Limited Partnership, iNovia Investment Fund II-A, Limited Partnership, iNovia Investment Fund II-B, Limited Partnership, iNovia Peraso SPV, Limited Partnership, and iNovia Peraso SPV (International), Limited Partnership (collectively, "**iNovia**").  iNovia is a shareholder of Peraso.

14.     The Defendant David Adderly is an individual residing in Toronto, Ontario.  Mr. Adderly is a member of Peraso's Board of Directors.  He is also the President of Celtic-CGI SPV GP Inc., which is the general partner of Celtic GCI SPV LP I, the President of Celtic House General Partner (Fund III)(U.S.) Inc., which is the general partner of Celtic House Venture Partners Fund III (U.S.) L.P., the President of Celtic House SPV II LP, which is the general partner of Celtic House SPV II LP, and a partner in Celtic House General Partner (Fund III) Inc., which is the general partner of Celtic House Venture Partners Fund III L.P. (collectively, "**Celtic**").  Celtic is a shareholder of Peraso.

15.     The Defendant Ronald Glibbery is an individual resident in Toronto, Ontario.  Mr. Glibbery is the founder of Peraso and a member of Peraso's Board of Directors.  Mr. Glibbery is associated with The Glibbery Family Trust, which is a shareholder of Peraso.

**Ubiquiti Canada Becomes a Peraso Shareholder in Conjunction with the Licence Agreement**

16.     On December 21, 2018, Ubiquiti and Peraso entered into a License and Development Agreement (the "**License Agreement**").  Pursuant to the License Agreement, Peraso agreed to develop certain chipsets exclusively for Ubiquiti.

Case 1:20-cv-00132-LPS-CJB Document 487 Filed 05/16/20 Page 12 of 27
Electronically issued / Délivré par voie électronique : 08-Apr-2020
Court File No./N° du dossier du greffe: CV-20-00639269-0000

17.     Concurrent with the License Agreement, Ubiquiti Canada entered into a subscription agreement (the "**Subscription Agreement**") for Peraso Class C Series 1 convertible preferred shares ("**Class C Preferred Shares**").

18.     Ubiquiti Canada made an investment of US$5,000,000 in Peraso for 4,583,164 Class C Preferred Shares (with the exchange rate calculated as set forth in the Subscription Agreement).

19.     Pursuant to the Subscription Agreement, the purchase price per Class C Preferred Share was set at CDN$1.4790.

20.     Ubiquiti Canada agreed to make certain additional equity investments in Peraso if, and when, certain development milestones were achieved by Peraso as set forth in the License Agreement.

**Eighth Amended and Restated Unanimous Shareholders' Agreement ("USA")**

21.     As part of Ubiquiti Canada's investment in Peraso, Peraso, Ubiquiti Canada, the Roadmap Defendants and Peraso's other shareholders became parties to the USA.

22.     Each of the Roadmap Defendants, VentureLink, iNovia and Celtic covenanted under the USA to cause their respective board nominees (the Defendants Imed Zine, Riad Zine, Jim Whittaker, Shawn Abbott and David Adderly) to act in accordance with the USA.

23.     The Defendant Ron Glibbery also personally covenanted under the USA to take such steps as necessary to cause the Glibbery Family Trust to comply with the USA.

24.     The USA conferred various specific rights and benefits to Ubiquiti Canada, including:

(a)     The right to have an observer ("**Ubiquiti Observer**") attend all meetings of the Peraso board and any committees thereof, including the right to: (i) receive all notices of meetings and all other notices provided to members of the Peraso board,

Electronically issued / Délivré par voie électronique : 08-Apr-2020

and (ii) receive all written information provided to the board or any committee thereof, which information shall be provided to the Ubiquiti Observer concurrently with the provision of such information to the board or the applicable committee thereof (collectively, "**Ubiquiti Observer Rights**").

(b)    A covenant by Peraso not to issue or sell any Class C Preferred Shares to anyone carrying on business in the same general industry in which Ubiquiti carries on business.

(c)    A right of first refusal ("**ROFR**") in the event Peraso or any shareholder receives from any person (including any shareholder) a bona fide, arm's length written offer or written proposal to enter into or concerning any possible Sale Transaction (as defined in section 6.7 of the USA) should Qorvo International Pte. Ltd. (another Peraso shareholder) not exercise its ROFR within the specified period of time.

(d)    A covenant requiring an acquiror of Peraso to assume Peraso's obligations and rights under the License Agreement.

(e)    The prohibition of any amendment or waiver of various provisions in the USA including:

    (i)    Any of the foregoing rights and benefits.

    (ii)    Removal of any Class C Preferred Shares issued or issuable pursuant to the Subscription Agreement from the definition of "Permitted Additional Securities" under the USA.

**Rights to Class C Preferred Shares under Peraso's Articles**

25.     In accordance with Peraso's Articles of Amendment dated March 2, 2016 ("**Articles**"), Peraso's various classes of preferred shares (Class A, Class B and Class C) were entitled to preferred dividends, liquidation priorities and other financial consideration greater than Peraso's common shares.

26.     Although Peraso's Class C Preferred Shares rank on a parity basis with every other class of preferred shares in terms of priority of payment of dividends and in the distribution of assets in the event of the voluntary or involuntary liquidation, dissolution or winding up of Peraso, the payments or distributions to Class C Preferred Shares are calculated based on a higher "original issue price" (as that term is defined in the USA) than the Class A or Class B preferred shares.

27.     Specifically, preferred shares are entitled to distributions of an amount for each preferred share equal to the applicable original issue price, which is higher for Class C Preferred Shares than Class A or Class B preferred shares.

**Peraso's Insolvency**

28.     By the Fall of 2019, Peraso's financial position had deteriorated to near or actual insolvency, and it needed further capital in 2020 to continue to operate.

29.     Peraso began to explore a sale of Peraso to a third-party purchaser (the "**Sale Transaction**").

30.     By early December 2019, Peraso's President and CEO, Bill McLean, forecasted that Peraso would need $20 million in new funding to achieve a cash positive position in 2021.

31.     In fact, during December 2019 and the first two months of 2020, Peraso's directors were made aware by Mr. McLean, on more than one occasion, that if the Sale Transaction did not

Case 1:20-cv-01813-LTS-GWG Document 34-7 Filed 05/15/20 Page 15 of 27
Electronically issued / Délivré par voie électronique : 08-Apr-2020
Court File No./N° du dossier du greffe: CV-20-00639269-0000

proceed, Peraso would "need to shut the company down" and "Peraso will not be able to continue operations."

32.     The Sale Transaction was contingent on the buyer not assuming Peraso's exclusivity obligations under the License Agreement, as otherwise required under the USA. Ultimately the Sale Transaction did not proceed much beyond the delivery in late January 2020 of a non-binding, one-and-a-half-page Indication of Interest with material terms remaining to be negotiated.

33.     As described below, Peraso warned shareholders on or about March 2, 2020 that Peraso would need to file for bankruptcy, receivership or insolvency unless the reorganization of Peraso's class of shares was approved by shareholders.

**Board Observer Rights Breached**

34.     The Roadmap Defendants had the greatest exposure relative to Peraso's other shareholders should Peraso file for bankruptcy or protection from its creditors.

35.     The family trust and other venture capital funds related to the Peraso board members also faced losses if Peraso filed for bankruptcy or protection from its creditors.

36.     Consequently, beginning in mid October 2019, while serving as Peraso directors, the Defendants Bill McLean, Imed Zine, Riad Zine, Jim Whittaker, Shawn Abbott, David Adderly and Ron Glibbery (the "**Director Defendants**") exercised their judgment putting priority over their own personal interests and those of the family trusts or venture capital funds they were associated with ahead of the best interests of Peraso and its full complement of stakeholders, including Ubiquiti Canada.

37.     Specifically, contrary to the terms of the USA, beginning in mid-October 2019, the Director Defendants intentionally directed or acquiesced in Peraso ceasing to provide notice of board and

Electronically issued / Délivré par voie électronique : 08-Apr-2020

committee meetings, and all related information supplied to directors, to the Ubiquiti Observer in breach of the Ubiquiti Observer Rights under the USA.

38.     Peraso and each of the shareholders for whom the Director Defendants were nominees had agreed to be bound by the obligations under the USA and to take steps to comply with those terms.  Despite these obligations, the Director Defendants did not comply with the observer obligations granted to Ubiquiti Canada in the USA.

39.     Peraso and the Director Defendants hid from the Ubiquiti Observer discussions regarding terms for the reorganization of Peraso's share capital involving the issuance of convertible notes and other matters.  These efforts were aimed at improving the position of the Roadmap Defendants and those other shareholders for whom the Director Defendants were nominees relative to Ubiquiti Canada if Peraso became bankrupt or otherwise subject to protection from its creditors.

40.     The Defendants breached the Ubiquiti Observer Rights under the USA in order to deny Ubiquiti Canada the information which it would otherwise be entitled so that Ubiquiti Canada would be unable to oppose, or would be materially hindered in opposing, such efforts, including by presenting alternative proposals to Peraso's shareholders and other stakeholders than those being advanced by the Defendants.

41.     The Defendants' actions in breaching the Ubiquiti Observer Rights under the USA were not only a breach by Peraso, the Roadmap Defendants and Glibbery of their contractual obligations under the USA but also constitute oppressive conduct by each of the Defendants that was unfairly prejudicial to Ubiquiti Canada.  Ubiquiti Canada had the reasonable expectation that the terms of the USA would be adhered to.

Case 1:20-cv-01833-LTS-GWG Document 34-7 Filed 05/15/20 Page 17 of 27
Court File No./N° du dossier du greffe: CV-20-00639269-0000
Electronically issued / Délivré par voie électronique : 08-Apr-2020

42.     Furthermore, by deliberately excluding the Ubiquiti Observer from Board meetings and information provided to directors, the Defendants unfairly disregarded Ubiquiti Canada's reasonable expectation that Peraso and its board would explore reasonably available alternatives in the circumstances, including alternatives that could be proposed by Ubiquiti Canada as a shareholder and by Ubiquiti as a material customer of Peraso.

43.     The Defendants are liable to Ubiquiti Canada for any reduction in distributions to Ubiquiti Canada and value in the Peraso securities it now holds caused by the Transactions (as defined below) if the Transactions are not otherwise set aside herein by the Court.

**Secured Convertible Notes**

44.     On March 2, 2020, Peraso emailed to shareholders a Notice of Special Meeting of Shareholders (the "**Notice**") to be held on March 12, 2020 at 8:00 a.m.  Included with the Notice was a Management Information Circular and Form of Proxy.

45.     The Notice stated that the meeting was to consider and vote on a special resolution to approve a series of transactions (the "**Transactions**") consisting of:

(a)     An offering by Peraso (the "**Offering**") of a maximum of US$15,000,000 in aggregate of secured convertible notes (the "**Notes**").

(b)     Amendments to the Articles to reflect the conversion of all preferred shares to common shares based on a 1:1 conversion ratio of common shares for Class A or Class B preferred shares and a conversion ratio of 1.479 common shares for each Class C preferred share.   The conversion ratios correspond to the original issue price paid by the preferred shareholders for the applicable preferred share, which in the case of Ubiquiti Canada was $1.479 per Class C Preferred Share.

(c)   An amendment to the USA to reflect that (i) the Peraso board shall consist of a minimum of five and a maximum of seven directors, of which four of such directors will be nominees of Roadmap; and (ii) any required shareholder approval include the approval of any subscriber pursuant to the Offering that subscribes for a minimum US$3,000,000 principal of the Notes.

46.    Roadmap, through certain of the Roadmap Investment Funds, is the only person who has subscribed to the Notes.  It has subscribed for only $3,885,000 of the Notes.

47.    The additional capital raised from Roadmap through the Offering is insufficient for Peraso to continue operations beyond a few months.   Rather, what the Transactions have achieved is to effect a *de facto* change in control in Peraso and put Roadmap in a preferred position both in terms of acquiring Peraso or should Peraso become bankrupt.

48.    The Transactions were pursued at the urging of Roadmap.

**Calling of Shareholder Meeting Invalid**

49.    Prior to the Peraso board's approval of the Transactions and the Notice and Management Information Circular (the "**Circular**"), the Defendants Bill McLean, Jim Whittaker and Shawn Abbott resigned as directors.

50.    Hence, Peraso lacked the minimum number of directors (five) required under the USA for board actions.   The approval of the Notice and Management Information Circular by the Peraso board was consequently void. Peraso's board could not validly take any actions while it lacked the minimum required number of Board members.

51.    As such, the shareholders' meeting and any resolutions or other business conducted thereat were invalid.

**Circular Fails to Disclose Material Information and Misrepresents Available Options**

52.     The Notice and Circular falsely represented to shareholders that, "If the necessary approvals are not received, then the Corporation will need to make the necessary filings for bankruptcy, receivership or insolvency."

53.     Before approving the Circular and causing it to be sent to shareholders, Peraso and its remaining directors, Imed Zine, Riad Zine, David Adderly and Ron Glibbery (the "**Remaining Peraso Directors**"), half of whom were nominees and officers of the Roadmap Defendants, were aware that Ubiquiti Canada had offered to make a bridge loan to Peraso that would allow it to continue operations while Ubiquiti and/or Ubiquiti Canada conducted due diligence to thereafter make an offer to purchase Peraso or to propose some other strategic alternative that would allow Peraso to continue operations.

54.     Contrary to their obligations to disclose all material information for shareholders in the Circular, Peraso and the Remaining Peraso Directors intentionally withheld from the Circular Ubiquiti Canada's loan offer as an alternative to the Transactions.  Instead, they misrepresented to shareholders that the only alternative to the Transactions was for Peraso to file for bankruptcy.

55.     Furthermore, the Notice was sent intentionally with only the bare minimum notice period (10 days) permitted under the OBCA.  In so doing, the Notice made no allowance for the prescribed time and procedure under the OBCA for Ubiquiti Canada or any other shareholder to submit a proposal to Peraso to be raised before the deadline for the return of proxies for the meeting.

56.     Despite these measures to prevent, or at least severely hinder, Ubiquiti Canada's ability to raise alternatives to the Transactions, consistent with its prior offer of a bridge loan, Ubiquiti Canada delivered to Peraso and the Remaining Peraso Directors an advanced draft of a loan agreement with customary business terms on March 11, 2020.

Electronically issued / Délivré par voie électronique : 08-Apr-2020

57.     Peraso and the Remaining Peraso Directors failed to disclose to shareholders that Ubiquiti Canada had offered and delivered a proposed loan agreement as an alternative to the Transactions.

58.     No efforts were made by Peraso or the Remaining Peraso Directors to engage in discussions with Ubiquiti Canada or Ubiquiti to finalize the loan agreement.

59.     Ubiquiti Canada's loan offer was a material fact that was required to have been disclosed to shareholders in advance of shareholders being asked to vote on the Transactions.

60.     Peraso and the Remaining Peraso Directors intentionally withheld that material fact from shareholders.

**Circular Fails to Disclose Material Effects of the Transactions**

61.     The terms for the Notes provided that in the event of the liquidation, dissolution or winding up of Peraso or a Change of Control Event (as that term is defined in the Articles) (collectively, a "**Liquidation Event**") prior to the conversion or repayment of the Notes, Peraso was obliged to pay between two and three times the principal and all accrued but unpaid interest then outstanding on the Notes.

62.     Although the Circular disclosed the foregoing, it failed to disclose to shareholders that the foregoing terms constituted:

(a)     an illegal rate of interest upon a Liquidation Event occurring before the principal was repaid;

(b)     a preference to Roadmap over creditors; and

Case 1:20-cv-01833-LTS-GWG   Document 34-7   Filed 05/15/20   Page 21 of 27
Electronically issued / Délivré par voie électronique : 08-Apr-2020
Court File No./N° du dossier du greffe:   CV-20-00639269-0000

(c)     a *de facto* "poison pill" discouraging any offers to purchase Peraso while the Notes remain outstanding, placing Roadmap in a preferential position to acquire Peraso without competing offers.

63.     The Circular further failed to disclose that the proposed amendments to the USA had the effect of a change of control giving *de facto* control over Peraso to Roadmap through changes to director composition and the requirements for shareholder approval, including effectively giving Roadmap a veto.

**Amendment to Class C Preferred Share Conversion Rate on the Eve of Meeting**

64.     Following Ubiquiti Canada delivering to Peraso and the Remaining Peraso Directors the loan agreement, Peraso and the Remaining Peraso Directors chose to amend the resolution that would be presented to shareholders to vote on at the shareholder meeting.  However, the amendment was not to disclose Ubiquiti Canada's loan offer but instead to materially reduce the conversion ratio that would apply to the preferred shares held by Ubiquiti Canada.

65.     Specifically, the amended resolution now reduced the conversion ratio that would apply to the Class C Preferred Shares to 1.25 common shares for each Class C Preferred Share.  Initially, the Notice disclosed a conversion ratio of 1.4790 common shares for each Class C Preferred Share.

66.     The effect of the amendment was to convert Ubiquiti Canada's Class C Preferred Shares at less than their original purchase price (and lower than their current value), whereas all other preferred shareholders would be converted based on the corresponding original purchase price or higher.

67.     An amended and restated term sheet for the Notes ("**Amended Term Sheet**") was delivered by email to shareholders after 5 p.m. the day before the shareholder meeting was scheduled to take place at 8 a.m.

68.     Furthermore, the Amended Term Sheet was delivered one day after the deadline for delivery of all proxies.

69.     No indication was given to shareholders as to what was amended in the Amended Term Sheet, nor was any explanation provided to shareholders as to the reason for the amendment or its impact.

70.     The amendment was a material amendment to the Transactions.  Insufficient notice and disclosure were provided to shareholders of what would now be the subject matter of the vote at the shareholder meeting.

71.     The Amended Term Sheet was circulated after Ubiquiti Canada had delivered the proposed loan agreement to Peraso and the Remaining Peraso Defendants.  Peraso and the Remaining Peraso Directors both failed to disclose that a loan from Ubiquiti Canada was available as an alternative to the Transactions, and further falsely represented to shareholders that the only alternative to the Transactions was a filing for bankruptcy.  In truth, Ubiquiti Canada's loan offer would allow Peraso to continue to operate and meet its ongoing obligations while the possibility of a sale or other strategic transaction with Ubiquiti and/or Ubiquiti Canada was explored.

72.     The failure to give timely and accurate disclosure to shareholders in advance of the meeting renders any vote at the shareholder meeting void.

73.     Notwithstanding the foregoing, the Defendants have taken the position that the meeting and vote to approve the Transactions is valid.  The Defendants have commenced steps to put into effect the changes to the USA and Articles.

**Additional Breaches to the USA**

74.    Among the changes the Defendants have made to the USA are changes that pursuant to the USA can only be made with Ubiquiti Canada's written consent, which has not been provided.

75.    Specifically, in breach of the USA, the Defendants have removed from the amended USA:

(a)    the covenant not to issue or sell any Class C preferred shares to anyone carrying on business in the same general industry in which Ubiquiti carries on business, and each of its current and former parents, subsidiaries and affiliates.

(b)    Class C preferred shares from the definition of "Permitted Additional Securities" under the USA.

76.    These covenants had the effect of prohibiting the involuntary conversion of Ubiquiti Canada's Class C Series Preferred Shares to common shares without its consent.  Alternatively, they reasonably gave rise to an expectation that Ubiquiti Canada's consent would be required to eliminate that class of shares.

77.    Hence, it is contrary to both the terms of the USA and Ubiquiti Canada's reasonable expectation for Peraso to convert the Class C Preferred Shares to common shares without Ubiquiti Canada's consent.

**Causes of Action**

78.    Ubiquiti Canada reasonably expected that the terms under the USA would be complied with and that Peraso and its directors would act in compliance with the OBCA and corporate law more generally.

79.    Peraso, the Roadmap Defendants and Glibbery breached their obligations under the USA to (a) give effect to Ubiquiti's Observer Rights and (b) obtain Ubiquiti Canada's consent to both

convert Class C Preferred Shares to common shares and make the noted amendments to the USA.

80.     The Director Defendants acted in an oppressive manner in failing to consider reasonably available alternatives to Peraso's liquidity problems by withholding from Ubiquiti Canada information to which it was otherwise entitled.

81.     The Director Defendants further ceased acting in the best interests of Peraso and instead acted with a view to their own personal or their nominees' individual interests.  In exercising their director duties in furtherance of their own personal or their nominees' best interests, the Director Defendants carried out their director functions in an oppressive manner contrary to Ubiquiti Canada's reasonable expectation that the Director Defendants would act at all times in the interests of Peraso and in compliance with the terms of the USA.

82.     Peraso, the Roadmap Defendants and Glibbery are in breach of the USA in purporting to take board action without the minimum number of board members required.  Peraso and the Remaining Peraso Directors further acted in an oppressive manner in proceeding with purported board actions without the minimum number of board members required under the USA.

83.     Peraso and the Remaining Peraso Directors are in breach of their obligations under the OBCA and corporate law to have provided timely notice and full disclosure of material facts, including alternatives to the Transactions, in relation to the resolution placed before Peraso shareholders on March 12, 2020.  Instead, the Circular misrepresented that bankruptcy was the only alternative to the Transactions.

84.     The Plaintiff pleads and relies on sections 96(a) and 96(6) of the OBCA as to the requirements for notice and disclosure for shareholder meetings, which were breached by the Defendants for the reasons set forth above.

Case 1:20-cv-01813-LTS-GWG Document 34-7 Filed 05/15/20 Page 25 of 27
Electronically issued / Délivré par voie électronique : 08-Apr-2020
Court File No./N° du dossier du greffe: CV-20-00639269-0000

85.     The Remaining Peraso Directors have further engaged in oppressive conduct in purportedly approving the Notes which contain punitive and unusual terms triggered on a Liquidation Event, which terms effectively operate as a poison pill to deter any sale proposal that will give rise to a change of control from the *de facto* control Roadmap obtained under the Transaction and further placing Roadmap in a preferred position to acquire Peraso.

86.     Peraso, the Roadmap Defendants and Glibbery have breached the USA in converting the Class C Series Preferred Shares held by Ubiquiti Canada and otherwise making changes to the USA without Ubiquiti Canada's consent.

87.     In the alternative, the actions of Peraso and the Remaining Peraso Directors directed at converting Ubiquiti Canada's Class C Series Preferred Shares to common shares without Ubiquiti Canada's consent and/or at a conversion rate below the original issue price of $1.4790 per share was an oppressive act that unfairly disregarded Ubiquiti Canada's reasonable expectation that its Class C Preferred Shares would not be converted without its consent and that any conversion would be on reasonable terms.

88.     The Plaintiff further pleads and relies on section 347(s) of the *Criminal Code* and section 4 of Ontario's *Assignments and Preferences Act*.

89.     Service of this Statement of Claim outside of Ontario is permitted pursuant to Rules 17.02(f), (n) and (p) of the *Rules of Civil Procedure*. The USA is governed by Ontario law.

90.     The Plaintiff proposes the trial of this Action take place in Toronto, Ontario.

Electronically issued / Délivré par voie électronique : 08-Apr-2020

April 7, 2020

**AIRD & BERLIS LLP**
Barristers and Solicitors
Brookfield Place
181 Bay Street
Suite 1800
Toronto, ON M5J 2T9

**Steve J. Tenai – LSO No. 33726R**
Tel:     416-865-4620 (Direct)
Fax:     416-863-1515
Email:  stenai@airdberlis.com

**Miranda Spence – LSO No. 60621M**
Email:  mspence@airdberlis.com

Lawyers for the Plaintiff

Electronically issued / Délivré par voie électronique : 08-Apr-2020
Court File No./N° du dossier du greffe: CV-20-00639269-0000

UBIQUITI NETWORKS CANADA INC.
Plaintiff

-and-

PERASO TECHNOLOGIES INC. et al
Defendants

Court File No.

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

PROCEEDING COMMENCED AT
TORONTO

**STATEMENT OF CLAIM**

**AIRD & BERLIS LLP**
Barristers and Solicitors
Brookfield Place
181 Bay Street
Suite 1800
Toronto, ON M5J 2T9

**Steve J. Tenai (33726R)**
stenai@airdberlis.com
Tel:  416-865-4620
**Miranda Spence (60621M)**
mspence@airdberlis.com

Tel:  416-863-1500
Fax:  416-863-1515

Lawyers for the Plaintiff

39532590.2