UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UBIQUITI INC., <br><br> Plaintiff, <br><br> -against- <br><br> PERASO TECHNOLOGIES INC., BILL McLEAN, JIM WHITAKER, SHAWN ABBOT, DAVID ADDERLEY, IMED ZINE and RIAD ZINE, <br><br> Defendants. | 1:20-CV-1312 (LTS)(GWG) |

## SCHEDULING ORDER

After consultation with the parties, the following scheduling order is adopted by the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure:

1. **Appearances for the Parties:**

| | |
|---|---|
| Mario Aieta <br> Peggy S. Chen <br> Duane Morris LLP <br> 230 Park Avenue, Suite 1130 <br> New York, NY  10169 <br> (212) 818-9200 <br> maieta@duanemorris.com <br> pschen@duanemorris.com <br><br> *Counsel for Plaintiff Ubiquiti Networks, Inc.* | Jodyann Galvin <br> Hodgson Russ LLP <br> The Guaranty Building <br> 140 Pearl Street, Suite 100 <br> Buffalo, NY 14202 <br> (716) 848-1520 <br> jgalvin@hodgsonruss.com <br><br> *Counsel for Peraso Technologies, Inc., William A. McLean, William James Whitaker, David M. Adderley, Imed Zine, and Riadh Zine* |

2. **Parties' Statement of the Issues:**

**Plaintiff's statement:**

Plaintiff Ubiquiti Inc. commenced this action for a declaratory judgment that Ubiquiti has performed its obligations under the license and development agreement

1


("License Agreement") between Ubiquiti and Defendant Peraso Technologies, Inc., that Ubiquiti is not in breach of the License Agreement, that the License Agreement is in full force and effect, and that Peraso is obligated to honor the terms of the License Agreement, including its obligation to make the chipsets available to Ubiquiti exclusively as required by the License Agreement. Ubiquiti also seeks compensatory damages from Peraso for the losses it has suffered as a result of Peraso's wrongful attempt to terminate the License Agreement. Ubiquiti asserts a claim for fraud against Bill McLean, Peraso's former CEO, based on false representations made by McLean to Ubiquiti regarding Peraso's attempt to terminate the License Agreement. Ubiquiti asserts a claim for tortious interference with business relations against McLean and the other individual defendants for causing Peraso to wrongfully terminate the License Agreement in order to benefit themselves and their employers to the detriment of Ubiquiti and the shareholders of Peraso.

**Defendants' statement:**

Peraso denies all material allegations of Ubiquiti's Amended Complaint and proposed Second Amended Complaint. Peraso intends to answer the Second Amended Complaint and to interpose counterclaims. Peraso met all of its obligations under the License Agreement. Ubiquiti, on the other hand, failed to respond to the Notice of Default that was properly issued by Peraso, and Peraso then properly terminated the License Agreement. In its answer to the Amended Complaint, Peraso asserted counterclaims against Ubiquiti for its breach of contract, breach of duty of good faith and fair dealing, and declaratory judgment. These counterclaims arise out of Ubiquiti's breach of the License Agreement and Peraso's subsequent termination of it, as well as out

Ubiquiti's unreasonable conduct and campaign of interference with Peraso's business, financing, and imposition of terms other than those in the License Agreement.

Riadh Zine, Imed Zine, William McLean, William James Whitaker, and David Adderley defendants anticipate: (1) moving against the Second Amended Complaint on the basis of lack of jurisdiction and failure to state a claim and (2) concurrently moving to stay discovery as against them as individuals. To the extent the motion to dismiss is denied, they deny the allegations in the Amended Complaint and deny that they improperly acted to cause termination the License Agreement.

3. **Case Schedule:**

   a. Ubiquiti's Second Amended Complaint shall be filed by **May 22, 2020**, and defendants' responses, including any motions to dismiss, shall be filed by **June 12, 2020**. Any motion to dismiss shall be filed in accordance with Judge Swain's Individual Practices.

   b. Initial document requests and initial interrogatories shall be served by **June 24, 2020**.

   c. The deadline for joining parties or filing amended pleadings is **June 30, 2020.**

   d. Non-expert witnesses expected to be deposed are:

   Plaintiff's anticipated witnesses:

   William McLean
   James Whitaker
   Shawn Abbott
   David Adderley
   Imed Zine
   Riadh Zine
   Ron Glibbery
   Declan Tormey

   Defendants' anticipated witnesses:

   Hartley Nisenbaum

>    Todd Cramer
>    Robert Pera
>    Ying Chen

The parties anticipate that depositions will be scheduled for the period starting after the parties make initial document productions and through the close of non-expert discovery. The inclusion of an individual in the above list of witnesses expected to be deposed is not an indication that any other party consents to the deposition of that witness.

    e.    All non-expert discovery shall be completed by **May 7, 2021**.

    f.    Expert witnesses:

        i.    Plaintiff anticipates having expert testimony regarding the chipset technology in development under the License Agreement and whether Peraso had met milestones for development under the License Agreement. Defendants anticipate a possible expert or rebuttal expert on the same issue if needed.

        ii.    Disclosure of the identities of expert witness and reports of experts required by Rule 26(a)(2) shall be made by **June 4, 2021.**

        iii.    Rebuttal disclosure of the identities of rebuttal expert witnesses and reports shall be made by **June 25, 2021**.

        iv.    Expert depositions shall be completed by **July 30, 2021**.

    g.    Pretrial dispositive motions, if any, shall be filed by **August 27, 2021.** If the parties do not file any pretrial dispositive motions, the parties shall submit a joint pretrial order by **August 27, 2021.** The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

4.     The parties anticipate entering into a confidentiality agreement and requesting a protective or confidentiality order from the court before producing confidential documents.  The parties also anticipate entering into an agreement regarding the discovery of electronically stored information ("ESI").

5.     The parties have not yet encountered any discovery issues which they have been unable to resolve.  Should the parties find themselves in such a discovery dispute, the parties shall follow the court's rules and procedures concerning discovery disputes and discovery motions.

6.     The parties anticipate that trial in this action will take **5** days.  The parties **do not** request a jury trial.

7.     The parties have engaged in settlement discussions but have not resolved the issues.  The parties believe the appropriate time to engage in formal mediation is after some discovery has been completed.  The parties do not currently have plans to engage a private mediator.  The parties shall write to to the Court as soon as both sides are prepared to participate in a mediation or settlement conference.

8.     All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied. To the extent a party expects to

produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

SO ORDERED.

Dated: New York, New York
      May 21, 2020

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

DM2\12648725.1

092118.00000 Litigation 15494295v2