UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────

UBIQUITI INC.,

                              Plaintiff,

        v.                                                    Civil No.: 20-CV-1312

PERASO TECHNOLOGIES INC., WILLIAM A.
McLEAN, WILLIAM JAMES WHITAKER, SHAWN
ABBOTT, DAVID ADDERLEY, IMED ZINE and
RIADH ZINE,

                              Defendants.

───────────────────────────────────

## NOTICE OF CHAPTER 15 RECOGNITION ORDER
## IN THE UNITED STATES BANKRUPTCY COURT, SDNY

**PLEASE TAKE NOTICE THAT**:

        Peraso Technologies Inc. ("Peraso") is the subject of a petition for recognition of

a foreign proceeding under Chapter 15 of the Bankruptcy Code in the United States Bankruptcy

Court for the Southern District of New York, 20-11354-shl.  The Honorable Sean H. Lane of the

United States Bankruptcy Court, Southern District of New York has issued an order recognizing

the foreign proceeding in Ontario, Canada.  A copy of the Order dated July 23, 2020 is attached

as Exhibit A.


        Among other things, Judge Lane ordered that, "[t]he Initial Order, and any

amendments or extensions thereof as may be granted from time to time by the Ontario Court, is

given full force and effect in the United States pursuant to 11 U.S.C. §§ 1507 and 1521."

Dated: July 27, 2020

Respectfully,


  s/Jodyann Galvin
Jodyann Galvin
HODGSON RUSS LLP
*Attorneys for Defendants Peraso*
*Technologies Inc., William A. McLean,*
*William James Whitaker, David Adderley,*
*Imed Zine, and Riadh Zine*
140 Pearl Street, Suite 100
Buffalo, NY 14202
716-848-1520

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*In re:*

PERASO TECHNOLOGIES INC.,[1]

       Debtor in a Foreign Proceeding.

Chapter 15

Case No.  20-11354 (SHL)

## ORDER GRANTING RECOGNITION AND RELATED RELIEF

This matter was brought by Ernst & Young Inc., as the court-appointed monitor (the "**Monitor**") and authorized foreign representative of Peraso Technologies Inc. ("**Peraso**") in a proceeding (the "**Canadian Proceeding**") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, pending before the Ontario Superior Court of Justice, Commercial List (the "**Ontario Court**").

The Monitor has commenced this chapter 15 case ancillary to the Canadian Proceeding by filing an official form petition and *Verified Petition for Recognition of Foreign Proceeding and Related Relief* (collectively, the "**Chapter 15 Petition**"), with accompanying documentation, pursuant to sections 1504 and 1515 of title 11 of the United States Code (the "**Bankruptcy Code**") seeking the entry of an order: (i) recognizing the Canadian Proceeding as a "foreign main proceeding" under section 1517 of the Bankruptcy Code; and (ii) giving full force and effect in the United States to the Initial Order of the Ontario Court dated June 3, 2020, attached hereto as <u>Exhibit 1</u> (together with any extensions or amendments thereof authorized by the Ontario Court, the "**Initial Order**").

---

[1]    The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, for Peraso Technologies Inc. are 8747.

On July 15, 2020, Uniquiti Inc. filed a *Limited Objection and Reservation of Rights of Ubiqiuti Inc. to the Monitor's Verified Petition for Recognition* (the "**Limited Objection**"). On July 19, 2020, the Monitor filed a reply to the Limited Objection supported by a declaration of D.J. Miller (collectively, the "**Reply**"). The Court has considered and reviewed the Chapter 15 Petition, the Limited Objection, the Reply, and the other pleadings and exhibits submitted by the Monitor in support of the Chapter 15 Petition.

After due deliberation and sufficient cause appearing therefore, and for the reasons stated on the record at this Court's hearing on the Chapter 15 Petition held on July 22, 2020, the Limited Objection is hereby overruled and the Court finds and concludes as follows:

(A)    this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1501;

(B)    this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P);

(C)    venue is proper in this District pursuant to 28 U.S.C. § 1410;

(D)    good, sufficient, appropriate and timely notice of the filing of the Chapter 15 Petition and the hearing on the Chapter 15 Petition has been given pursuant to Local Rules 2002-4 and 9078-1 and Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure;

(E)    the Canadian Proceeding is a "foreign proceeding" within the meaning of 11 U.S.C. § 101(23);

(F)    the Canadian Proceeding is pending in Canada, where Peraso has the "center of its main interests" as such term is used in 11 U.S.C. § 1517(b)(1), and as such constitutes a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4) and in satisfaction of 11 U.S.C. § 1517(a)(1);

(G)    the Monitor is the duly appointed "foreign representative" of Peraso within the meaning of 11 U.S.C. § 101(24) and a "person" within the meaning of 11 U.S.C. § 101(41), in satisfaction of 11 U.S.C. § 1517(a)(2);

(H)    this case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1509 and the Chapter 15 Petition meets the requirements of 11 U.S.C. §§ 1504 and 1515, in satisfaction of 11 U.S.C. § 1517(a)(3);

(I)    the Canadian Proceeding is entitled to recognition as a "foreign main proceeding" pursuant to 11 U.S.C. § 1517(b)(1);

(J)    the Monitor is entitled to all relief afforded foreign main proceedings automatically upon recognition pursuant to 11 U.S.C. § 1520 and to additional relief pursuant to 11 U.S.C. §§ 1507 and 1521; and

(K)    the relief granted herein is necessary and appropriate, in the interests of the public and international comity, and consistent with the public policy of the United States.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.    The Chapter 15 Petition is **GRANTED**.

2.    The Monitor is recognized as the "foreign representative" of Peraso within the meaning of 11 U.S.C. § 101(24).

3.    The Canadian Proceeding is recognized as a "foreign main proceeding" pursuant to 11 U.S.C. § 1517(b)(1).

4.    All automatic relief under 11 U.S.C. § 1520 shall apply in this case.

5.    The Initial Order, and any amendments or extensions thereof as may be granted from time to time by the Ontario Court, is given full force and effect in the United States pursuant to 11 U.S.C. §§ 1507 and 1521.

6.    This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

7.     The Monitor shall provide service and notice of this Order in accordance

with the *Order Specifying Form and Manner of Service of Notice and Scheduling Recognition*

*Hearing* entered by the Court in this case.


Dated: New York, New York
      July 23, 2020

*/s/ Sean H. Lane*
United States Bankruptcy Judge

**EXHIBIT 1**

**Initial Order**



Court File No. CV-20-00642010-00CL

*ONTARIO*

**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE | ) | WEDNESDAY, THE 3rd |
| | ) | |
| JUSTICE HAINEY | ) | DAY OF JUNE, 2020 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF PERASO TECHNOLOGIES INC. (the "**Applicant**")

**INITIAL ORDER**

**THIS APPLICATION,** made by the Applicant, pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") proceeded on this day by way of video-conference due to the COVID-19 crisis.

**ON READING** the affidavit of Ronald Glibbery sworn June 2, 2020 (the "**Glibbery Affidavit**") and the Exhibits thereto, the pre-filing report of Ernst & Young Inc., in its capacity as proposed monitor (the "**Monitor**") to the Applicant, dated June 2, 2020, and on being advised that the secured creditors who are likely to be affected by the charges created herein were given notice, and on hearing the submissions of counsel for the Applicant and counsel for the Monitor and those other parties listed on the counsel slip, no one appearing for any other party although duly served as appears from the affidavit of service of Nicholas Avis sworn June 2, 2020 and on reading the consent of Ernst & Young Inc. to act as the Monitor,

111849394

## SERVICE

1.      **THIS COURT ORDERS** that the time for service and filing of the Notice of Application and the Application Record is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

## APPLICATION

2.      **THIS COURT ORDERS AND DECLARES** that the Applicant is a company to which the CCAA applies.

## POSSESSION OF PROPERTY AND OPERATIONS

3.      **THIS COURT ORDERS** that the Applicant shall remain in possession and control of its current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situated including all proceeds thereof (the "**Property**"). Subject to further Order of this Court, the Applicant shall continue to carry on business in a manner consistent with the preservation of its business (the "**Business**") and Property. The Applicant is authorized and empowered to continue to retain and employ the employees, contractors, consultants, agents, experts, accountants, counsel and such other persons (collectively "**Assistants**") currently retained or employed by it, with liberty to retain such further Assistants as it deems reasonably necessary or desirable in the ordinary course of business or for the carrying out of the terms of this Order.

4.      **THIS COURT ORDERS** that the Applicant shall be entitled to continue to use the central cash management system currently in place as described in the Glibbery Affidavit or replace it with another substantially similar central cash management system (the "**Cash Management System**") and that any present or future bank providing the Cash Management System shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the Applicant of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Person (as hereinafter defined) other than the Applicant, pursuant to the terms of the documentation applicable to the Cash Management System, and shall be, in its capacity as provider of the Cash Management

System, an unaffected creditor under the Plan with regard to any claims or expenses it may suffer or incur in connection with the provision of the Cash Management System.

5. **THIS COURT ORDERS** that the Applicant shall be entitled but not required to pay the following expenses whether incurred prior to, on or after the date of this Order:

 (a) all outstanding and future wages, salaries, employee benefits, vacation pay and expenses payable on or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing compensation policies and arrangements; and

 (b) the fees and disbursements of any Assistants retained or employed by the Applicant in respect of these proceedings, at their standard rates and charges.

6. **THIS COURT ORDERS** that, except as otherwise provided to the contrary herein, the Applicant shall be entitled but not required to pay all reasonable expenses incurred by the Applicant in carrying on the Business in the ordinary course after this Order, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

 (a) all expenses and capital expenditures reasonably necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors and officers' insurance), maintenance and security services; and

 (b) payment for goods or services actually supplied to the Applicant following the date of this Order.

7. **THIS COURT ORDERS** that the Applicant shall remit, in accordance with legal requirements, or pay:

 (a) any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from employees' wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan, (iii) Quebec Pension Plan, and (iv) income taxes;

(b)     all goods and services or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by the Applicant in connection with the sale of goods and services by the Applicant, but only where such Sales Taxes are accrued or collected after the date of this Order, or where such Sales Taxes were accrued or collected prior to the date of this Order but not required to be remitted until on or after the date of this Order, and

(c)     any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal realty, municipal business or other taxes, assessments or levies of any nature or kind which are entitled at law to be paid in priority to claims of secured creditors and which are attributable to or in respect of the carrying on of the Business by the Applicant.

8.     **THIS COURT ORDERS** that, except as specifically permitted herein, the Applicant is hereby directed, until further Order of this Court: (a) to make no payments of principal, interest thereon or otherwise on account of amounts owing by the Applicant to any of its creditors as of this date; (b) to grant no security interests, trust, liens, charges or encumbrances upon or in respect of any of its Property; and (c) to not grant credit or incur liabilities except in the ordinary course of the Business.

**RESTRUCTURING**

9.     **THIS COURT ORDERS** that the Applicant shall, subject to such requirements as are imposed by the CCAA, have the right to continue negotiations with stakeholders in an effort to pursue restructuring options for the Applicant including without limitation all avenues of refinancing of their Business or Property, in whole or in part, subject to prior approval of this Court being obtained before any material refinancing.

**NO PROCEEDINGS AGAINST THE APPLICANT OR THE PROPERTY**

10.     **THIS COURT ORDERS** that until and including June 13, 2020, or such later date as this Court may subsequently order (the "**Stay Period**"), no proceeding or enforcement process in or out of any court or tribunal (each, a "**Proceeding**") shall be commenced or continued against or in respect of the Applicant or the Monitor, or affecting the Business or the Property, except with

the written consent of the Applicant and the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Applicant or affecting the Business or the Property are hereby stayed and suspended pending further Order of this Court.

## NO EXERCISE OF RIGHTS OR REMEDIES

11.     **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Applicant or the Monitor, or affecting the Business or the Property, are hereby stayed and suspended except with the written consent of the Applicant and the Monitor, or leave of this Court, provided that nothing in this Order shall (i) empower the Applicant to carry on any business which the Applicant is not lawfully entitled to carry on, (ii) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 11.1 of the CCAA, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

## NO INTERFERENCE WITH RIGHTS

12.     **THIS COURT ORDERS** that during the Stay Period, except with the written consent of the Applicant and the Monitor, or leave of this Court, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, lease, sublease, licence or permit in favour of or held by the Applicant.

## CONTINUATION OF SERVICES

13.     **THIS COURT ORDERS** that during the Stay Period, all Persons having oral or written agreements with the Applicant or statutory or regulatory mandates for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Business or the Applicant, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Applicant, and that the Applicant shall be entitled to the continued use of its current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges

for all such goods or services received after the date of this Order are paid by the Applicant in accordance with normal payment practices of the Applicant or such other practices as may be agreed upon by the supplier or service provider and each of the Applicant and the Monitor, or as may be ordered by this Court.

## NON-DEROGATION OF RIGHTS

14.     **THIS COURT ORDERS** that, notwithstanding anything else in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation on or after the date of this Order to advance or re-advance any monies or otherwise extend any credit to the Applicant. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

## PROCEEDINGS AGAINST DIRECTORS AND OFFICERS

15.     **THIS COURT ORDERS** that during the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against any of the former, current or future directors or officers of the Applicant with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of the Applicant whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Applicant, if one is filed, is sanctioned by this Court or is refused by the creditors of the Applicant or this Court.

## DIRECTORS' AND OFFICERS' INDEMNIFICATION AND CHARGE

16.     **THIS COURT ORDERS** that the Applicant shall indemnify its directors and officers against obligations and liabilities that they may incur as directors or officers of the Applicant after the commencement of the within proceedings, except to the extent that, with respect to any officer or director, the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

17.     **THIS COURT ORDERS** that the directors and officers of the Applicant shall be entitled to the benefit of and are hereby granted a charge (the "**Directors' Charge**") on the Property,

which charge shall not exceed an aggregate amount of $650,000 as security for the indemnity provided in paragraph 16 of this Order. The Directors' Charge shall have the priority set out in paragraphs 27 and 29 herein.

18.     **THIS COURT ORDERS** that, notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge, and (b) the Applicant's directors and officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 16 of this Order.

## APPOINTMENT OF MONITOR

19.     **THIS COURT ORDERS** that Ernst & Young Inc. is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Applicant with the powers and obligations set out in the CCAA or set forth herein and that the Applicant and its shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Applicant pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

20.     **THIS COURT ORDERS** that the Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

  (a)     monitor the Applicant's receipts and disbursements;

  (b)     report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceedings herein;

  (c)     advise the Applicant in its preparation of the Applicant's cash flow statements;

  (d)     have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the

Applicant, to the extent that is necessary to adequately assess the Applicant's business and financial affairs or to perform its duties arising under this Order;

(e) be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order;

(f) have full and complete authority to act as the representative of the Applicant in a foreign proceeding; and

(g) perform such other duties as are required by this Order or by this Court from time to time.

21. **THIS COURT ORDERS** that the Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, be deemed to have taken or maintained possession or control of the Business or Property, or any part thereof.

22. **THIS COURT ORDERS** that that the Monitor shall provide any creditor of the Applicant with information provided by the Applicant in response to reasonable requests for information made in writing by such creditor addressed to the Monitor. The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph. In the case of information that the Monitor has been advised by the Applicant is confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Applicant may agree.

23. **THIS COURT ORDERS** that, in addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Monitor by the CCAA or any applicable legislation.

24. **THIS COURT ORDERS** that the Monitor, Canadian and U.S. counsel to the Monitor (Thornton Grout Finnigan LLP and Allen & Overy LLP) and Canadian and U.S. counsel to the Applicant (Stikeman Elliott LLP and Hodgson Russ LLP) shall be paid their reasonable fees and

disbursements, and applicable taxes, in each case at their standard rates and charges, by the Applicant as part of the costs of these proceedings. The Applicant is hereby authorized and directed to pay the accounts of the Monitor, Canadian and U.S. counsel to the Monitor and Canadian and U.S. counsel to the Applicant.

25.     **THIS COURT ORDERS** that the Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

26.     **THIS COURT ORDERS** that the Monitor, Canadian and U.S. counsel to the Monitor and Canadian and U.S. counsel to the Applicant shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property, which charge shall not exceed an aggregate amount of $200,000, as security for their professional fees and disbursements, plus applicable taxes, incurred at their standard rates and charges of the Monitor and such counsel, both before and after the making of this Order in respect of these proceedings. The Administration Charge shall have the priority set out in paragraphs 27 and 29 hereof.

## VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER

27.     **THIS COURT ORDERS** that the priorities of the Directors' Charge and the Administration Charge, as among them, shall be as follows:

>           First – Administration Charge (to the maximum amount of $200,000); and

>           Second – Directors' Charge (to the maximum amount of $650,000).

28.     **THIS COURT ORDERS** that the filing, registration or perfection of the Directors' Charge or the Administration Charge (collectively, the "**Charges**") shall not be required, and that the Charges shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered, recorded or perfected subsequent to the Charges coming into existence, notwithstanding any such failure to file, register, record or perfect.

29.     **THIS COURT ORDERS** that each of the Directors' Charge and the Administration Charge (all as constituted and defined herein) shall constitute a charge on the Property and such Charges shall rank in priority to all other security interests, trusts, liens, charges and

encumbrances, claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**") in favour of any Person.

30.     **THIS COURT ORDERS** that except as otherwise expressly provided for herein, or as may be approved by this Court, the Applicant shall not grant any Encumbrances over any Property that rank in priority to, or *pari passu* with, any of the Directors' Charge or the Administration Charge unless the Applicant also obtains the prior written consent of the Monitor, and the beneficiaries of the Directors' Charge and the Administration Charge, or further Order of this Court.

31.     **THIS COURT ORDERS** that the Directors' Charge and the Administration Charge, shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the "**Chargees**") thereunder shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) issued pursuant to BIA, or any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal or provincial statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, sublease, offer to lease or other agreement (collectively, an "**Agreement**") which binds the Applicant, and notwithstanding any provision to the contrary in any Agreement:

(a)     the creation of the Charges shall not create or be deemed to constitute a breach by the Applicant of any Agreement to which it is a party;

(b)     none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the creation of the Charges; and

(c)     the payments made by the Applicant pursuant to this Order and the granting of the Charges, do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

32.     **THIS COURT ORDERS** that any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Applicant's interest in such real property leases.

**SERVICE AND NOTICE**

33.     **THIS COURT ORDERS** that the Monitor shall (i) without delay, publish in the Globe & Mail (national edition) a notice containing the information prescribed under the CCAA, (ii) within five days after the date of this Order, or as soon as reasonably practicable thereafter (A) make this Order publicly available in the manner prescribed under the CCAA, (B) send, or cause to be sent, in the prescribed manner (including by email), a notice to every known creditor who has a claim against the Applicant of more than $1,000 (excluding contractors, individual employees, former employees with pension and/or retirement savings plan entitlements, and retirees and other beneficiaries who have entitlements under any pension or retirement savings plans), and (C) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder.

34.     **THIS COURT ORDERS** that the E-Service Protocol of the Commercial List (the "**Protocol**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website at http://www.ontariocourts.ca/scj/practice/practice-directions/toronto/eservice-commercial) shall be valid and effective service. Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL: www.ey.com/ca/peraso.

35.     **THIS COURT ORDERS** that if the service or distribution of documents in accordance with the Protocol is not practicable, the Applicant and the Monitor are at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal

delivery or facsimile transmission to the Applicant's creditors or other interested parties at their respective addresses as last shown on the records of the Applicant and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

36. **THIS COURT ORDERS** that the Applicant and the Monitor and their respective counsel are at liberty to serve or distribute this Order, and other materials and orders as may be reasonably required in these proceedings, including any notices, or other correspondence, by forwarding true copies thereof by electronic message to the Applicant's creditors or other interested parties and their advisors. For greater certainty, any such distribution or service shall be deemed to be in satisfaction of a legal or judicial obligation, and notice requirements within the meaning of clause 3(c) of the *Electronic Commerce Protection Regulations,* Reg. 81000-2-175 (SOR/DORS).

**CHAPTER 15 PROCEEDINGS**

37. **THIS COURT ORDERS** that the Monitor is hereby authorized and empowered, but not required, to act as the foreign representative (the "**Foreign Representative**") in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside of Canada, including, if deemed advisable by the Monitor, to apply for recognition of these proceedings in the United States pursuant to chapter 15 of title 11 of the *United States Code,* 11 U.S.C. §§ 101-1532.

**GENERAL**

38. **THIS COURT ORDERS** that the Applicant or the Monitor may from time to time apply to this Court to amend, vary or supplement this Order or for advice and directions in the discharge of their respective powers and duties hereunder.

39. **THIS COURT ORDERS** that nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of the Applicant, the Business or the Property.

40. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, to give effect to this Order and to assist the Applicant, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicant and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicant and the Monitor and their respective agents in carrying out the terms of this Order.

41. **THIS COURT ORDERS** that each of the Applicant and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Monitor is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

42. **THIS COURT ORDERS** that any interested party (including the Applicant and the Monitor) may apply to this Court to vary or amend this Order on not less than seven (7) days notice to any other party or parties likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

43. **THIS COURT ORDERS** that this Order and all of its provisions are effective from the date it is made without any need for entry and filing.

SUPERIOR COURT OF JUSTICE
ENTERED

JUNE 3 2020

COUR SUPÉRIEURE DE JUSTICE
ENTRÉ

Court File No.: CV-20-00642010-00CL

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF PERASO TECHNOLOGIES INC.

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)
Proceeding commenced at Toronto

ORDER

STIKEMAN ELLIOTT LLP
Barristers & Solicitors
5300 Commerce Court West
199 Bay Street
Toronto, Canada M5L 1B9

**Maria Konyukhova LSO#: 52880V**
Tel: (416) 869-5230
Email: mkonyukhova@stikeman.com

**Nicholas Avis LSO#: 76781Q**
Tel: (416) 869-5504
Email: navis@stikeman.com
Fax: (416) 947-0866

Lawyers for the Applicant